UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MURPHY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. CV 11-8021 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I. SUMMARY

On September 30, 2011, plaintiff Shawn Murphy ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 5, 2011 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 22, 2008, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 176). Plaintiff asserted that he became disabled on December 12, 2007, due to congestive heart failure. (AR 201). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel), plaintiff's girlfriend, and a vocational expert on December 16, 2009. (AR 27-47). On December 30, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 18-22). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: hypertension, congestive heart failure, and Type II diabetes mellitus (AR 20); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 20-21); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)) with certain limitations[1] (AR 21); (4) plaintiff could not perform his past relevant work (AR 21-22); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 22); and (6) plaintiff's allegations regarding his limitations were not entirely credible. (AR 21).

The Appeals Council denied plaintiff's application for review. (AR 1).

---

[1] The ALJ determined that plaintiff could perform light work, except plaintiff: (i) could stand and/or walk for no more than four hours in an eight-hour workday; and (ii) could occasionally climb, balance, stoop, kneel, crouch and crawl. (AR 21). In the hypothetical question the ALJ posed to the vocational expert at the administrative hearing, the ALJ also limited plaintiff to "sit[ting] six hours out of eight hours." (AR 42). In the administrative decision, however, the ALJ did not include any limitation on sitting in the residual functional capacity assessment. (AR 21).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

experience, allow claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///
///

## IV. DISCUSSION

### A. The ALJ Failed Properly to Evaluate Plaintiff's Credibility and the Court Cannot Find Such Error Harmless

Plaintiff contends that the ALJ failed properly to evaluate the credibility of his subjective complaints. (Plaintiff's Motion at 4-9). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

#### 1. Pertinent Law

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. Robbins, 466 F.3d 880 at 883 (citations omitted). Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted). The only time this standard does not apply is when there is affirmative evidence of malingering. Id. The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and

///

1  did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367
2  F.3d 882, 885 (9th Cir. 2004).
3        To find the claimant not credible, an ALJ must rely either on reasons
4  unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal
5  contradictions in the testimony, or conflicts between the claimant's testimony and
6  the claimant's conduct (*e.g.*, daily activities, work record, unexplained or
7  inadequately explained failure to seek treatment or to follow prescribed course of
8  treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at
9  680-81; SSR 96-7p. Although an ALJ may not disregard such claimant's
10 testimony solely because it is not substantiated affirmatively by objective medical
11 evidence, the lack of medical evidence is a factor that the ALJ can consider in his
12 credibility assessment. Burch, 400 F.3d at 681.
13       **2.    Analysis**
14       Here, the ALJ found plaintiff's subjective symptom testimony "not entirely
15 credible." (AR 21). The ALJ provided several conclusory reasons for discounting
16 plaintiff's credibility. The Court finds none of them to be clear and convincing.
17       First, the ALJ noted that plaintiff "appeared healthy looking" at the hearing.
18 (AR 21). However, the ALJ was not permitted to discount plaintiff's credibility
19 based on the absence of the manifestation of external symptoms. See, e.g.,
20 Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ's reliance on
21 observations of claimant proper where ALJ pointed to plaintiff's affirmative
22 exhibition of symptoms which were inconsistent with both medical evidence and
23 plaintiff's other behavior but did not point to the absence of the manifestation of
24 external symptoms to discredit plaintiff, referring to the latter as disapproved "sit
25 and squirm" jurisprudence).
26       Second, the ALJ discounted plaintiff's credibility because plaintiff
27 "exaggerated his pain and symptoms." (AR 21). The ALJ was permitted to use
28 "ordinary techniques of credibility evaluation" to evaluate plaintiff's testimony.

See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (internal quotation marks and citation omitted).  Here, however, the ALJ did not specify particular subjective symptom testimony plaintiff allegedly inflated, nor did the ALJ identify the evidentiary basis for his finding that plaintiff had not been entirely honest while testifying.  The ALJ's conclusory finding that plaintiff's testimony was "exaggerated" is not a clear and convincing reason for discounting plaintiff's credibility.  Moisa, 367 F.3d at 885.

      Third, the ALJ discounted the alleged severity of plaintiff's subjective symptom testimony as inconsistent with plaintiff's "daily activities."  (AR 21).  The ALJ's finding, however, is not supported by substantial evidence.  The only daily activities the ALJ identified for plaintiff were "watching television and sleeping."  (AR 21).  At the administrative hearing, plaintiff testified that, apart from visits to the doctor and his lawyer, he essentially stayed in his house all day and attempted to watch television when he was not falling asleep (apparently due, in part, to side effects from his medication).  (AR 34-39).  Even assuming that plaintiff retained the ability to carry on certain minimal activities of daily living (*i.e.*, watch television, travel to medical appointments), the ALJ did not find, nor does the record reflect, that such activities "consume[d] a substantial part of [plaintiff's] day," and thus such evidence does not constitute a clear and convincing reason for discounting plaintiff's credibility.  See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citing Fair, 885 F.2d at 603).

      Fourth, the ALJ's conclusory statement that "[plaintiff] does not appear to be too motivated to work" (AR 21) is not a clear and convincing reason for discounting plaintiff's credibility.  Moisa, 367 F.3d at 885.  In short, the record lacks substantial evidence which suggests that plaintiff's only daily activities (*i.e.*, sleeping and attempting to watch television) somehow reflect plaintiff's lack of motivation to work as opposed to a reasonable effort to manage his impairments and the alleged side effects from medication.

Fifth, in evaluating the medical evidence, the ALJ noted that "[plaintiff's] morbid obesity [] contributes a great deal to [plaintiff's] problem," and that plaintiff "was not always compliant with treatment" (*i.e.*, "[plaintiff] was not motivated to change [his] diet"). (AR 21). In general, an ALJ may discount a plaintiff's credibility due to an unexplained failure to seek treatment consistent with the alleged severity of subjective symptoms. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc). Nonetheless, where, like here, the plaintiff is obese, an alleged failure to seek or follow treatment is generally not probative of credibility, and therefore such failure cannot serve as a clear and convincing reason for discrediting a plaintiff's subjective complaints. Orn, 495 F.3d at 638 ("failure to follow treatment for obesity tells [] little or nothing about a claimant's credibility") (citation omitted).

Finally, the ALJ suggests that plaintiff is not fully credible because the objective medical evidence does not support his subjective complaints (*i.e.*, "[t]he record shows that [plaintiff's] condition is stable"). (AR 21). As detailed above, however, the ALJ did not provide any other valid reason for discounting plaintiff's credibility. Lack of objective medical evidence to support subjective symptom allegations alone is not sufficient to discount a claimant's credibility. See Burch, 400 F.3d at 681.

The Court cannot conclude that the above errors were harmless because it cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1055-56. At the administrative hearing, plaintiff testified, in essence, that he was unable to walk more than 40-50 feet before he needed to stop, and he could not sit for more than 20-25 minutes at a time without needing to lay down and elevate his legs. (AR 37-38). At the administrative hearing, the vocational expert testified that if plaintiff (or a hypothetical person with similar characteristics) had such limitations, there would be no work plaintiff could do. (AR 44-45).

Therefore, remand is warranted at least so the ALJ can reassess plaintiff's credibility.

## V. CONCLUSION[2]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 31, 2012

                                      /s/
                               Honorable Jacqueline Chooljian
                               UNITED STATES MAGISTRATE JUDGE

---

[2] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payments of benefits would not be appropriate. On remand, however, the ALJ may wish to provide a more detailed assessment of (1) the competent lay witness testimony provided by plaintiff's girlfriend, Tonya Leyva; and (2) the record medical evidence.

[3] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).